**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEZIAH RIDGEWAY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 2:25-cv-02440-WB |
| | : |
| THE SCHOOL DISTRICT OF | : |
| PHILADELPHIA, et al., | : |
| | : |
| Defendants. | : |

**DEFENDANTS THE SCHOOL DISTRICT OF PHILADELPHIA, MICHELLE
CHAPMAN, OMAR CROWDER, RICHARD GORDON, JEREMY GRANT-SKINNER,
SABRIYA JUBILEE, LYNN RAUCH, AND TONY WATLINGTON'S ANSWER AND
<u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

Defendants The School District of Philadelphia ("School District"), Michelle Chapman,

Omar Crowder, Richard Gordon, Jeremy Grant-Skinner, Sabriya Jubilee, Lynn Rauch, and Tony

Watlington, by and through their undersigned counsel, answer the allegations of the First

Amended Complaint (the "Amended Complaint") brought by Plaintiff Keziah Ridgeway

("Plaintiff"), and raise affirmative defenses, as follows:

1.      Admitted in part and denied in part.  It is admitted only that the allegations in this

paragraph purport to describe the nature of the claims alleged in Plaintiff's Amended Complaint.

Further, the allegations in Paragraph 1 set forth conclusions of law to which no response is

required.  To the extent a response is required, the allegations are denied.

**The Parties**

2.      Admitted in part and denied in part.  It is admitted only that Plaintiff is currently employed as a teacher at West Philadelphia High School and was formerly a teacher at Northeast High School.  Except as expressly admitted, the allegations in this paragraph are denied.

3.      Denied as stated.  By way of further response, the School District operates public schools throughout the City of Philadelphia, including Northeast High School.

4.      Denied as stated.  By way of further response, Tony Watlington currently serves as Superintendent of the School District, a position he has held since on or about June 2022.  The remaining allegations, which include conclusions of law, are denied.

5.      Denied as stated.  By way of further response, Lynn Rauch has served as General Counsel since November 2017.  She reported to the School Reform Commission through June 2018, and then to the Board of Education and to Superintendent Dr. William Hite until June 2022, and since then to Superintendent Watlington.  The remaining allegations in this paragraph, which include conclusions of law, are further denied.  Further, Defendants deny any allegations in the Amended Complaint relating to Ms. Rauch to the extent they purport to assert liability against Ms. Rauch in her individual capacity for actions taken solely in her role as legal counsel for the School District.  Any such actions were undertaken in the course of providing legal advice and are protected from disclosure by the attorney-client privilege, attorney work product doctrine, and applicable privileges and immunities.

6.      Denied as stated.  By way of further response, since August 2023, Mr. Gordon has served as an Assistant Superintendent at the School District reporting directly to Associate Superintendent Tomas Hanna.  The remaining allegations in this paragraph, which include conclusions of law, are further denied.

2

7.      Denied as stated.  By way of further response, Mr. Grant-Skinner served as the School District's Deputy of Talent, Strategy, and Culture from on or around June 2023 to August 2024 and reported directly to Superintendent Tony Watlington.  The remaining allegations in this paragraph, which include conclusions of law, are further denied.

8.      Denied as stated.  By way of further response, since 2021 Sabriya Jubilee has served as Chief of Diversity, Equity & Inclusion at the School District and has reported directly to Oz Hill since 2023.  Prior to reporting to Dr. Hill, Dr. Jubilee reported directly to Superintendent Watlington.  The remaining allegations in this paragraph, which include conclusions of law, are further denied.

9.      Denied as stated.  By way of further response, Ms. Chapman was employed as Deputy of Employee Labor Relations at the School District from on or around December 2021 through December 2024 and reported directly to Larisa Shambaugh, then to Jeremy Grant-Skinner, and then to Kaylan Connally.  The remaining allegations in this paragraph, which include conclusions of law, are further denied.

10.     Denied as stated.  By way of further response, since on or around May 2024, Nadia McCrimmon has served as Director of Employee and Labor Relations at the School District and reports directly to the Deputy of Employee and Labor Relations.  The remaining allegations in this paragraph, which include conclusions of law, are further denied.  These allegations are further denied to the extent that Ms. McCrimmon has been dismissed as an individual defendant in this action.

11.     Denied as stated.  By way of further response, since on or around the fall of 2023, Oz Hill has served as Deputy Superintendent for Operations at the School District and reported directly to Superintendent Tony Watlington.  The remaining allegations in this paragraph, which

#125451327v1

include conclusions of law, are further denied. These allegations are further denied to the extent that Dr. Hill has been dismissed as an individual defendant in this action.

12.     Denied as stated. By way of further response, Omar Crowder served as Principal of Northeast High School from on or around August 2018 to August 2025 and reported directly to Assistant Superintendent Richard Gordon starting in August 2023. Defendants specifically deny that Mr. Crowder ever reported directly to Superintendent Watlington, Oz Hill, or Lynn Rauch. The remaining allegations in this paragraph, which include conclusions of law, are further denied.

## Jurisdiction and Venue

13.     Denied. Paragraph 13 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

14.     Denied. Paragraph 14 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

15.     Denied. Paragraph 15 of the Amended Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## Facts Giving Rise to The Causes of Action in This Complaint

16.     Admitted in part and denied in part. It is admitted only that Plaintiff has represented that she is African American and Muslim. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny same.

17.     Admitted.

18.     Denied.

#125451327v1

19.     Admitted in part and denied in part.  It is admitted only that Plaintiff received the awards listed in Paragraph 19.  Except as expressly admitted, the allegations in this paragraph are denied.

20.     Admitted.

21.     Denied as stated.  By way of further response, Plaintiff was placed on paid administrative leave by the School District's Office of Employee and Labor Relations consistent with School District policy and applicable law.

22.     Denied.  By way of further response, Paragraph 22 sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

23.     Denied as stated.  By way of further response, Plaintiff was disciplined for making threats of gun violence against members of the school community which were found to be particularly disturbing coming from a teacher assigned to Northeast High School, which had experienced a tragic shooting the prior year.

24.     Denied.  Paragraph 24 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

**The Backstory – The Culture, Policy. And Practice of Religious, Racial, and Ethnic Discrimination in the District**

25.     Denied as stated.  By way of further response, students at Northeast High School formed a student club that discussed geopolitical issues, including issues related to Palestine.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny same.

26.     Denied as stated.  By way of further response, the School District received complaints related to the wearing of keffiyehs in school.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph and therefore deny same.

27.     Admitted in part and denied in part.  It is admitted only that Mr. Crowder attended a meeting, that he permitted the students to sell the buttons, and that, upon information and belief, Plaintiff purchased the buttons.  Except as expressly admitted, the remaining allegations are denied.

28.     Admitted upon information and belief.

29.     Denied as stated.  By way of further response, following October 7, 2023, the School District received complaints regarding antisemitism, including complaints related to pins worn in school.  Paragraph 29 also sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

30.     Denied as stated.  By way of further response, the School District received complaints regarding antisemitism, including complaints related to buttons worn in school.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same. By way of further response, the School District does not have access to all grievances that faculty may have lodged with their unions.

31.     Denied as stated.  By way of further response, the School District is aware that Plaintiff proposed to give a professional development presentation related to Palestine.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

#125451327v1

32.     Denied as stated.  By way of further response, the School District is aware that Plaintiff proposed to give a professional development presentation related to Palestine.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

33.     Denied as stated.  By way of further response, the School District received concerns relating to the content of the presentation that was to be given by Plaintiff and that, ultimately, the presentation did not take place.

34.     Denied.  By way of further response, it is denied that Mr. Crowder was present at the November 2023 event referenced in Paragraph No. 34.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.  Defendants further deny this paragraph to the extent the allegations set forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

35.     Denied as stated.  By way of further response, the School District is aware that there is a group referred to as JFA that includes members of the community.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

36.     Denied.  Paragraph No. 36 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining and, therefore deny same and demand strict proof thereof at trial.

7

37.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

38.    Denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.    By way of further response, Plaintiff did not submit the Racial Justice Organizing professional development presentation to the School District for review.

39.    Denied as stated.    By way of further response, the School District received complaints regarding a presentation involving Plaintiff, including complaints from individuals who claimed to be associated with JFA.    The emails referenced in this paragraph are writings that speak for themselves, and, therefore, any characterization thereof is denied.

40.    Denied.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

41.    Admitted in part and denied in part.    It is admitted only that Plaintiff made posts on her public social media account.    The social media posts referenced in this paragraph are writings that speak for themselves, and, therefore, any characterization thereof is denied.

42.    Denied.    The social media posts referenced in this paragraph are writings that speak for themselves and, therefore, any characterization thereof is denied.

43.    Denied.    The social media posts referenced in this paragraph are writings that speak for themselves and, therefore, any characterization thereof is denied.

44.    Admitted upon information and belief.

45.    Admitted in part and denied in part.  It is admitted only, upon information and belief, that Plaintiff advised students that the best project would be shown during Black History Month and that Plaintiff selected a project about Palestine as the best project.  Except as expressly admitted, the allegations in this paragraph are denied.

46.    Admitted in part and denied in part.  It is admitted only that Plaintiff forwarded the project to Mr. Crowder and that Mr. Crowder then sent the project to the School District for review.  Except as expressly admitted, the allegations in this paragraph are denied.

47.    Admitted in part and denied in part.  It is admitted only that Mr. Crowder did not advise Plaintiff that she could not show the project.  Except as expressly admitted, the allegations in this paragraph are denied.

48.    Admitted in part and denied in part.  It is admitted only that Lisa Appel recorded some portion of the student presentation.  Except as expressly admitted, the allegations are denied.

49.    Admitted in part and denied in part.  It is admitted only that the School District received complaints from employees at Northeast High School regarding the student presentation.  Except as expressly admitted, the allegations in this paragraph are denied.

50.    Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

51.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

#125451327v1

52.     Denied.  Paragraph 52 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  By way of further answer, Mr. Crowder informed Plaintiff that, due to concerns raised regarding the project, the project would not be re-shown.

53.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

54.     Denied as stated.  By way of further response, Plaintiff reported her concerns that Ms. Appel recorded during a student presentation and alleged violations of FERPA to Mr. Crowder and at a School Board Hearing.

55.     Denied.

56.     Denied.  By way of further response, at an April 2024 Board Hearing attended by Plaintiff, School District employees and community members presented concerns regarding alleged censorship.  Paragraph 56 of the Amended Complaint also sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

57.     Denied.  It is denied that Assistant Superintendent Gordon stated that the "District should not have censored the project."  After reasonable investigation, Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny same and demand strict proof thereof at trial.

58.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

10

#125451327v1

59.     Admitted in part and denied in part.  It is admitted only that, on or around April 2024, Plaintiff stated that another teacher bumped into her in the hallway of Northeast High School.  It is specifically denied that the School District took no action in response to this statement.  Except as expressly admitted, the remaining allegations in this paragraph are denied**.**

60.     Admitted upon information and belief.

61.     Denied as stated.  By way of further response, the School District received complaints, including from an email address identified as JFA, regarding a presentation involving Plaintiff.

62.     Denied as stated.  By way of further response, the Department of Curriculum and Instruction requested access to Plaintiff's presentation materials in advance of the presentation. Further, Defendants deny any allegations in the Amended Complaint relating to Ms. Rauch to the extent they purport to assert liability against Ms. Rauch in her individual capacity for actions taken solely in her role as legal counsel for the School District.  Any such actions were undertaken in the course of providing legal advice and are protected from disclosure by the attorney-client privilege, attorney work product doctrine, and applicable privileges and immunities.

63.     Denied as stated.  By way of further response, the presentation materials were reviewed for legal and school environment purposes and to avoid disruption.   Further, Defendants deny any allegations in the Amended Complaint relating to Ms. Rauch to the extent they purport to assert liability against Ms. Rauch in her individual capacity for actions taken solely in her role as legal counsel for the School District.  Any such actions were undertaken in the course of providing legal advice and are protected from disclosure by the attorney-client privilege, attorney work product doctrine, and applicable privileges and immunities.

11

64.     Denied.  The purported social media post in this paragraph is a writing that speaks for itself, and, therefore, any characterization thereof is denied.  The remaining allegations in this paragraph are denied.

65.     Denied.  By way of further response, Allie Rauch, whom Plaintiff misgenders, was never asked or appointed to watch Plaintiff's presentation nor did Allie Rauch monitor Plaintiff's presentation.

66.     Denied as stated.  By way of further response, in or about April 2024, the School District took action to investigate complaints against both Ms. Appel.

67.     Admitted in part and denied in part.  It is admitted only that the School District retained the law firm King Spry to conduct the investigation.  Except as expressly admitted, the remaining allegations are denied.

68.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof of same at trial.

69.     Denied.

70.     Denied as stated.  By way of further response, Mr. Crowder initially did not support Ms. Appel's sabbatical request.  It is further denied that Ms. Appel submitted her application for sabbatical after the deadline.

71.     Denied.

72.     Denied.

73.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof of same at trial.

74.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

75.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

76.     Denied.   The social media post referenced in this paragraph is a writing that speaks for itself, and, therefore, any characterization thereof is denied.

77.     Denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.   The remaining allegations are denied.

78.     Denied as stated.   By way of further response, the School District received multiple complaints, including a complaint from the Deborah Project, regarding Plaintiff's public social media posts, including a post stating "ain't no fun when the rabbit got the gun," and a subsequent public social media post wherein Plaintiff requested recommendations for a black-owned gun shop.

79.     Admitted in part and denied in part.   It is admitted only that Kristen Graham wrote an article in the Philadelphia Inquirer regarding public social media posts made by Plaintiff.   The article referenced in this paragraph is a writing that speaks for itself, and, therefore, any characterization thereof is denied.   After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same and demand strict proof thereof at trial. Except as expressly admitted, the allegations in this paragraph are denied.

80.     Admitted.

81.     Denied.  Paragraph No. 81 of the Amended Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, Plaintiff was reassigned, including because of safety concerns, after she made threats of gun violence against members of the school community which were found to be particularly disturbing coming from a teacher assigned to Northeast High School, which had experienced a tragic shooting the prior year.

82.     Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

**Ridgeway Repeatedly Reported The District's Custom and Practice of Religious Discrimination and Racism**

83.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

84.     Denied.  Paragraph No. 84 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

85.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

86.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

87.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same.

88.    Admitted in part and denied in part.  It is admitted only that Plaintiff presented Mr. Crowder with an idea to have an Islamic Awareness week in advance of Ramadan. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining obligations and therefore deny same.

89.    Admitted in part and denied in part.  It is admitted only that a teacher left the assembly and later made a complaint to Mr. Crowder.  Except as expressly admitted, the remaining allegations are denied.

90.    Admitted in part and denied in part.  It is admitted only that German received discipline at Northeast High School for inappropriate conduct.  Except as expressly admitted, the allegations are denied.

91.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the allegations and demand strict proof thereof at trial.

92.    Admitted in part and denied in part.  It is admitted only that Mr. Crowder permitted the event to go forward and thereafter received complaints regarding the event.

93.    Denied.

94.    Admitted in part and denied in part.  It is admitted only that there were Northeast High School staff and students who expressed support for Ukraine.  Except as expressly admitted, the allegations are denied.

95.    Denied.  The allegations in this paragraph are vague, confusing, and incapable of a response.  By way of further response, the School District has not taken anti-Israel or anti-

15

Palestine stances in response to the conflict arising from the geopolitical crisis following October 7, 2023.

96.     Denied as stated.  By way of further response, on June 11, 2024, there was an incident in the Academy of Palumbo's Quiet Room involving students and a former student.  The remaining allegations in this paragraph set forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

97.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.  The allegations in this paragraph also set forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

98.     Denied.  After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

99.     Denied as stated.  By way of further response, the School District receives federal, state, and local funding in connection with its educational mission.

100.    Denied.  Paragraph No. 100 of the Amended Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, the School District strives to provide the highest quality education to all students.

101.    Denied.  Paragraph No. 101 of the Amended Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, the

allegations in this paragraph are denied.  By way of further response, the School District strives to provide the highest quality education to all students.

102.    Denied.    Paragraph No. 102 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

103.    Denied.    Paragraph No. 103 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

104.    Denied.  The School District's Code of Ethics is a writing that speaks for itself, and, therefore, any characterization thereof is denied.

105.    Denied.    Paragraph No. 105 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

106.    Denied.    Paragraph No. 106 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

107.    Denied.

108.    Admitted in part and denied in part.  It was admitted only that Plaintiff was assigned to work from home after she made threats of gun violence against members of the school community which were found to be particularly disturbing coming from a teacher assigned to Northeast High School, which had experienced a tragic shooting the prior year. Except as expressly admitted, the allegations in this paragraph are denied.

17

109.    Denied.    Paragraph No. 109 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

### The Biased and Unlawful Investigation

110.    Denied.

111.    Admitted in part and denied in part.    It is admitted only that there were three hearings regarding Plaintiff's social media post(s) and that Plaintiff was afforded a second-level hearing on December 16, 2024.    Except as expressly admitted, the allegations in this paragraph are denied.

112.    Admitted in part and denied in part.    It is admitted only that, after the SHE-204 Conference, it was recommended that Plaintiff receive a five (5) day suspension without pay, an administrative transfer with prejudice, and that further incidents of a similar nature may result in further disciplinary action, up to and including a recommendation of dismissal from service. Except as expressly admitted, the allegations in this paragraph are denied.

113.    Denied as stated.    By way of further response, Plaintiff was advised that she could not have counsel present at the disciplinary hearing.    Defendants further deny the remaining allegations in this paragraph including to the extent they set forth conclusions of law.

114.    Denied.    Paragraph 114 of the Amended Complaint sets forth conclusions of law to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny same.

#125451327v1

115.    Denied as stated.  By way of further response, Ms. Appel was permitted to bring counsel to an investigation interview. Defendants deny the remaining allegations in this paragraph.

116.    Denied as stated.  By way of further response, Ms. Ridgeway was interviewed in connection with an investigation regarding a shared social media post.

117.    Denied.    Paragraph No. 117 of the Amended Complaint sets forth legal conclusions to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

118.    Denied.   The allegations in Paragraph No. 118 set forth legal conclusions to which no response is required.   To the extent a response is required, the allegations in this paragraph are denied.

119.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny same and demand strict proof thereof at trial.

120.    Denied.

121.    Denied.    Additionally, Defendants deny any allegations in the Amended Complaint relating to Ms. Rauch or the Office of General Counsel ("OGC") to the extent they purport to assert liability against Ms. Rauch or employees of OGC in their individual capacities for actions taken solely in their roles as legal counsel for the School District.  Any such actions were undertaken in the course of providing legal advice and are protected from disclosure by the attorney-client privilege, attorney work product doctrine, and applicable privileges and immunities.

#125451327v1

122.    Denied as stated.  By way of further response, on or around April 2025, Plaintiff was informed that the Hearing Officer upheld recommendations referenced in Defendants' response to Paragraph 112 of the Amended Complaint, which Defendants incorporate by reference as if set forth fully herein.

123.    Denied.    Paragraph No. 123 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

124.    Denied.    Paragraph No. 124 of the Amended Complaint sets forth legal conclusions to which no response is required.    To the extent a response is required, the allegations in this paragraph are denied.

## CAUSES OF ACTION

## COUNT I

125.    Defendants incorporate their responses above as though fully set forth herein. The Court dismissed Count I as to Defendants the School District, Tony Watlington, Lynn Rauch, Oz Hill, Nadia McCrimmon, Michelle Chapman, and Sabriya Jubilee.  Accordingly, only the remaining defendants Jeremy Grant-Skinner, Richard Gordon, and Omar Crowder respond to the allegations in Count I.

126.    Denied as stated.  By way of further response, to the extent that the School District and/or individual Defendants were aware of Plaintiff's pro-Palestinian views, this awareness was primarily based on her statements at public Board meetings and complaints received by the School District.

127.    Denied.

128.    Denied.  Paragraph No. 128 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

129.    Denied.  Paragraph 129 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

130.    Denied.  Paragraph 130 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

131.    Denied.  Paragraph No. 131 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

132.    Denied.  Paragraph No. 132 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Defendants respectfully requests a judgment in their favor and against Plaintiff, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

## COUNT II

133-139.    Defendants incorporate their responses above as though fully set forth herein.  The Court dismissed Count II as to all Defendants and, accordingly, no response to the allegations in Count II is required.  To the extent a response is required, the allegations in Paragraphs 134 to 139 in the Amended Complaint are denied.

## COUNT III

21

140.    Defendants incorporate their responses above as though fully set forth herein. The Court has dismissed Count III as to Defendants the School District, Tony Watlington, Lynn Rauch, Oz Hill, Nadia McCrimmon, Sabriya Jubilee, Richard Gordon, Omar Crowder, and Jeremy Grant-Skinner.  Accordingly, only the remaining defendant Michelle Chapman responds to the allegations in Count III.

141.    Admitted in part and denied in part.  It is admitted only, upon information and belief, that Plaintiff represented that she is Muslim and African American.  The remaining allegations in Paragraph No. 141 of the Amended Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

142.    Denied.

143.    Denied.

144.    Denied.  Paragraph No. 144 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

145.    Denied.  Paragraph No. 145 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

146.    Denied.  Paragraph No. 146 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

#125451327v1

147.    Denied.  Paragraph No. 147 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Michelle Chapman respectfully requests a judgment in her favor and against Plaintiff, together with her costs, attorneys' fees, and such other relief as this Court deems just and proper.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

148.    Defendants incorporate their responses above as though fully set forth herein. The Court has dismissed Count IV as to Defendants the School District, Nadia McCrimmon, and Oz Hill.  Accordingly, only the remaining defendants Tony Watlington, Lynn Rauch, Michelle Chapman, Sabriya Jubilee, Richard Gordon, Jeremy Grant-Skinner, and Omar Crowder respond to the allegations in Count IV.

149.    Denied.  Paragraph No. 149 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

150.    Denied.  Paragraph No. 150 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

151.    Denied.  Paragraph No. 151 of the Amended Complaint sets forth conclusions of law to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendants Michelle Chapman, Omar Crowder, Jeremy Grant-Skinner, Richard Gordon, Sabriya Jubilee, Lynn Rauch, and Tony Watlington respectfully request a

23

judgment in their favor and against Plaintiff, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

**COUNT V**

152.    Defendants incorporate their responses above as though fully set forth herein. The Court has dismissed Count V as to Defendants Michelle Chapman, Tony Watlington, Lynn Rauch, Sabriya Jubilee, Nadia McCrimmon, and Oz Hill. Accordingly, only the remaining defendants the School District, Jeremy Grant-Skinner, Richard Gordon, and Omar Crowder respond to the allegations in Count V.

153.    Denied.  Paragraph No. 153 of the Amended Complaint sets forth conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendants the School District, Omar Crowder, Jeremy Grant-Skinner, and Richard Gordon respectfully request a judgment in their favor and against Plaintiff, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust exclusive contractual remedies, and, therefore, this Court is not the proper forum for adjudication of such claims.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrine of high public official immunity.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrine of governmental immunity.

24

5.    At all relevant times, Defendants were acting within the scope of their official duties as agents and employees of the School District.

6.    At all relevant times, Defendants were acting within the scope of their employment.

7.    Plaintiff's claims are barred, in whole or in part, because the conduct alleged does not rise to the level of extreme and outrageous conduct as a matter of law.

8.    Plaintiff's claims are barred, in whole or in part, because the conduct alleged did not cause Plaintiff emotional distress.  To the extent, Plaintiff experienced emotional distress, if at all, such distress was not severe.

9.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not make a good faith report of wrongdoing or waste as defined by the Pennsylvania Whistleblower Law.

10.    Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

11.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or estoppel.

12.    The School District afforded Plaintiff with all notice, hearings, procedures, protections, and opportunities required by applicable law and School District policy.

13.    Plaintiff received all processes that was due and was treated the same as other similarly situated individuals consistent with applicable law.

14.    It is the School District—not the individual teacher—who has the final determination as to the content and presentation of material being taught at the School District.

15.    Plaintiff's social media page is public such that it is viewable to and viewed by School District students and staff.

16.     The issues which resulted in discipline for Plaintiff are separate and distinct from the issues which resulted in discipline to Ms. Appel.

17.     Plaintiff was not similarly situated to Ms. Appel.

18.     Plaintiff's discipline relating to her August 2024 social media posts, including social media posts naming District parents, referencing a gun, containing actual or perceived threats of violence, is consistent with School District policy and applicable law.

19.     The School District took all appropriate steps in accordance with its policies, the collective bargaining agreement, and applicable law.

20.     Plaintiff fails to state a claim that she was retaliated against for engaging in protected activity.

21.     Defendants specifically deny taking any adverse action against Plaintiff for engaging in protected activity.

22.     The School District's employment practices relating to Plaintiff are legitimate, lawful, and non-discriminatory.

23.     Defendants at all times acted in a manner that was proper, reasonable, lawful, and in good faith and to meet its obligations to provide a safe and productive workplace and educational environment.

24.     Plaintiff has failed to take all reasonable and necessary steps to mitigate damages and injuries allegedly suffered in this case.

25.     To the extent Plaintiff suffered any legal or equitable damages, such damages were caused in whole or in part by her own acts, omissions, or conduct.

26.     Plaintiff has not established the necessary elements to recover punitive damages against the School District or the Individual Defendants.

#125451327v1

27.    Any losses suffered by Plaintiff were caused by herself and/or resulted from impacts of the geopolitical crisis and not by Defendants.

28.    The alleged actions of Defendants were not the proximate cause of the damages alleged by the Plaintiff.

29.    Defendants are entitled to recover reasonable attorneys' fees, expert's fees, costs, and expenses upon prevailing on any or all of the claims to the extent that such recovery is permitted by law.

30.    Defendants reserve the right to assert additional affirmative defenses as their investigation of this matter continues.

**WHEREFORE**, Defendants, The School District of Philadelphia, Michelle Chapman, Omar Crowder, Jeremy Grant-Skinner, Richard Gordon, Sabriya Jubilee, Lynn Rauch, and Tony Watlington respectfully request a judgment in their favor and against Plaintiff, together with their costs, attorneys' fees, and such other relief as this Court deems just and proper.

**DILWORTH PAXSON LLP**

*/s/ Marjorie M. Obod*

MARJORIE M. OBOD, ESQUIRE
I.D. NO. 47531
1650 Market Street, Suite 1200
Philadelphia, PA  19103
(215) 575-7000
*Attorney for Defendants*

Dated: February 10, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the below date a true and correct copy of Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint was served upon all counsel of record and made available for viewing and downloaded by electronic filing through the CM/ECF System.

/s/ *Marjorie M. Obod*
MARJORIE M. OBOD

Dated: February 10, 2026