# The Law Office of Spencer Hill, PLLC.

Spencer A. Hill, J. Esq. | 215-313-7026 |spencer@spencerhilllaw.com

March 18, 2026

The Honorable Wendy Bettlestone
13614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*Via Email or ECF*

*Re:* **Keziah Ridgeway v. The School District of Philadelphia, 25-cv-2440**

Dear Chief Judge Beetlestone:

This letter serves as Plaintiff's response to Defendants' letter regarding the deposition of Mrs. Ridgeway.

As a threshold matter, Rule 30 provides "[a] party may, by oral questions, depose any person, including a party, without leave of court…" Fed. R. Civ. P. 30(a)(1) Rule 30 does not require a showing of exigent circumstances before a party may conduct a deposition. *Id.* Rule 30 requires a party to obtain leave of Court to depose a person if the person has already been deposed, unless the party agrees to a second deposition. *Id.* at (a)(2)(A)(ii). The Court should not grant leave for a party to conduct a second deposition of a person where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive… the party seeking discovery has had ample opportunity to obtain the information by discovery in the action…" Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii). Moreover, Rule 30 only requires the production of documents that will be used during the deposition to be produced at or during the time of the deposition. Fed. R. Civ. P. 30(b)(2).

# The Law Office of Spencer Hill, PLLC.

Spencer A. Hill, J. Esq. | 215-313-7026 |spencer@spencerhilllaw.com

On December 28, 2025, Plaintiff's counsel served on Defendants Notice of Deposition of Plaintiff to be held on January 30, 2026. On January 26, 2026, counsel for Defendants emailed counsel for Plaintiff stating that she would not be prepared to take Plaintiff's deposition on January 30, 2026 and requested an agreement for Plaintiff to sit for a second deposition. After meet and confer, email exchanges, and heated discussion, Plaintiff's counsel agreed to have Plaintiff testify at a second deposition on March 21, 2026. The March 21, 2026, date was suggested by counsel for Defendants after proposed dates of March 30 - April 3, 2026, were rejected because counsel for Defendants had a pre-planned vacation. Moreover, this agreement was contingent upon counsel for Defendants providing Plaintiff's counsel with dates to depose Defendants and a material witness that is a District employee. Importantly, Plaintiff's counsel had been requesting dates to depose Defendants and District employee witnesses since November 18, 2025.

Plaintiff's counsel deposed Plaintiff on January 30, 2026, and counsel for Defendants was present and had a full opportunity to examine Plaintiff on January 30, 2026. Counsel for Defendants chose not to examine Plaintiff on January 30, 2026. On February 12, 2026, counsel for the Parties met and conferred to discuss outstanding discovery issues, including: Defendants' Responses to Plaintiff's Interrogatories served on November 28, 2025, which Defendants have yet to respond as of March 17, 2026 and Defendants responses to Plaintiff's Requests for Production of Documents, which was served to Defendants on December 28, 2025, and to which Defendants have yet to respond or yet to produce a single document as of March 17, 2026. Plaintiff has made three document productions in this case: February 7, 2026, March 8, 2026, and March 15, 2026. Notably, every document produced by Plaintiff was available to Defendants in their database or server or publicly available since the filing of this action on May 13, 2025. Furthermore, Plaintiff has responded to all of Defendants' Requests for Interrogatories and Requests for Production of Documents.

 During the February 12, 2026, discussion, counsel for Defendants informed Plaintiff's counsel that her pre-planned vacation had been cancelled and the March 30 – April 3, 2026 dates were now open. However, Plaintiff's counsel informed counsel for Defendants that those dates no longer worked for Plaintiff because after the Parties agreed on the March 21, 2026, date she had scheduled a vacation with her family. Counsel for Defendants responded by confirming the March 21, 2026, date for second deposition. Counsel for Defendants never Noticed Plaintiff's second deposition for March 21, 2026.

# The Law Office of Spencer Hill, PLLC.

Spencer A. Hill, J. Esq. | 215-313-7026 |spencer@spencerhilllaw.com

Between March 5, and March 15, 2026, counsel for Defendants began emailing and calling Plaintiff's counsel requesting alternative dates for Plaintiff's second deposition. Moreover, until March 16, 2026, after meet and confer, counsel for Defendants had never sent Plaintiff's counsel dates to depose any Defendant or District employee witness. On March 16, 2026, without leave of the Court, counsel for Defendants Noticed Plaintiff's second deposition for April 6, 2026. Thus, the terms of the agreement for Plaintiff's second deposition had been breached by counsel for Defendants.

Since January 30, 2026, there has been no new evidence or evidence that was unavailable to Defendants at the time of Plaintiff's first deposition. And any evidence that Defendants claim may serve as a basis for this Court to grant Defendants leave to depose Plaintiff for a second time is information that may be reasonably obtained through other means. It would prejudice the Plaintiff to have her miss another day of work and a day's pay to appear for a second deposition when Defendants have had a full and fair opportunity to depose Plaintiff on January 30, 2026 and March 21, 2026. And Defendants have obtained the information through other forms of discovery, such as: document productions and written discovery. Defendants have not stated any good cause to have this Court order Plaintiff to be deposed a second time.

Plaintiff has attached to this email a copy of correspondences between the Plaintiff's counsel and counsel for Defendants.

Sincerely,
Spencer A. Hill, Jr., Esq.
spencer@spencerhilllaw.com
215-313-7026
**The Law office of Spencer Hill, PLLC**
*Attorneys for Keziah Ridgeway*

# Exhibit A

 **Outlook**

---

## RE: Ridgeway/PsheSD - Plaintiff's Deposition

---

**From** Obod, Marjorie L. <mobod@dilworthlaw.com>

**Date** Tue 1/27/2026 6:46 PM

**To**   Spencer Hill <spencer@spencerhilllaw.com>

**Cc**   Persico, Margaret Spitzer <mpersico@dilworthlaw.com>

Hi Spencer and Maggie,

I am away March 27- April 5th on a paid for vacation. This takes me out the week Ms. Ridgeway is on spring break.  Can we discuss alternative dates tomorrow?  Let me know. Thank you.

Best regards, Margie

Marjorie Obod | Dilworth Paxson LLP

Co-Chair, Labor and Employment Practice

1650 Market Street | Suite 1200 | Philadelphia, PA 19103

Tel: 215-575-7015 | Cell: (215) 205-5590

mobod@dilworthlaw.com | www.dilworthlaw.com

.

---

**From:** Spencer Hill <spencer@spencerhilllaw.com>
**Sent:** Tuesday, January 27, 2026 12:58 PM
**To:** Obod, Marjorie L. <mobod@dilworthlaw.com>
**Cc:** Persico, Margaret Spitzer <mpersico@dilworthlaw.com>
**Subject:** Re: Ridgeway/PsheSD - Plaintiff's Deposition

**This message is from an external sender.**

---

 Good afternoon,  Counsel:

My apologies for not getting back to you yesterday, but thank you for your e-mail. As we previously discussed, I may be amenable to agreeing to a second deposition of my client, but I would only do so if I believed it was in her best interest. Moreover, it is not a subject that I am willing to broach until after the deposition scheduled this Friday, January 30, and until after I've had the opportunity to depose at least some of the defendants and witness Oz Hill.

 At this point, you are essentially asking me to agree to have my client deposed twice within a 30 day period before I've had the opportunity to depose any one of your  clients even once,  nor have you provided A proposed date for me to depose any of your clients. Respectfully, I cannot agree to that.

Please provide some proposed dates between third week of February and first week of March so I can notice depositions for some of the defendants and witnesses.  I would like to begin with Oz Hill, Gordon, Skinner, Chapman, and Crowder.

Sincerely,
Spencer A. Hill, Jr., Esq.
**The Law Office of Spencer Hill, PLLC**
215-313-7026
spencer@spencerhilllaw.com

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**From:** Obod, Marjorie L. <mobod@dilworthlaw.com>
**Sent:** Monday, January 26, 2026 8:09 AM
**To:** Spencer Hill <spencer@spencerhilllaw.com>
**Cc:** Persico, Margaret Spitzer <mpersico@dilworthlaw.com>
**Subject:** Ridgeway/PsheSD - Plaintiff's Deposition

Good morning, Spencer,
I wanted to follow-up regarding Ms. Ridgeway's deposition. It is our understanding that you intend to proceed with your own client's deposition on January 30, 2026.
You previously indicated that you would also let us separately take Ms. Ridgeway's deposition at another time, but recently advised that you were going to speak with Ms. Ridgeway to confirm that this was still your position. Can you please let us know if we may reach an agreement?
As things currently stand, we will not be prepared to take Ms. Ridgeway's deposition on that date because we will not have received Ms. Ridgeway's document responses sufficiently in advance of the examination. In addition, we want to discuss the allocation of Ms. Ridgeway's testimony in an appropriate manner so that we may explore the allegations in her complaint (against the District and seven (7) individual defendants) as contemplated by Federal Rule Civil Procedure 30(d)(2).

We have no objection to you moving forward on January 30th and, depending on the receipt of documents, will be prepared to move forward with an examination of Ms. Ridgeway in February.
Please let us know if you are available to discuss this matter. Thank you.
Hope you had a chance to enjoy the snow.
Best regards, Margie

Marjorie Obod | Dilworth Paxson LLP
Co-Chair, Labor and Employment Practice
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: 215-575-7015 | Cell: (215) 205-5590
mobod@dilworthlaw.com | www.dilworthlaw.com

**To:** Spencer Hill <spencer@spencerhilllaw.com>

**Cc:** Persico, Margaret Spitzer <mpersico@dilworthlaw.com>; Litz, Giavanna <glitz@dilworthlaw.com>

**Subject:** Ridgeway v. Philadelphia School District

Hi Spencer,

It was nice speaking with you this morning.

Attached please find Defendants' Objections and Responses to Plaintiff's Requests for Admissions. We intend to send you the Interrogatory and document responses next week. Thank you again for the courtesy.

Separately, and as we discussed, we will put together a list of custodians/search string for you review.  As far as an immediate priority, it is our understanding that you would like to see a September 4, 2024 third-party complaint regarding Ms. Ridgeway and related correspondence.

We are also in the process of getting available deposition dates for the parties that you requested. We will circle back with dates once received.

Thank you,
Margie

MARJORIE OBOD | DILWORTH PAXSON LLP
CO-CHAIR, LABOR AND EMPLOYMENT PRACTICE
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: 215-575-7015 | Cell: (215) 205-5590
mobod@dilworthlaw.com | www.dilworthlaw.com

 Outlook

**Ridgeway v. School District of Philadelphia, et al - Deposition Scheduling**

**From** Obod, Marjorie L. <mobod@dilworthlaw.com>

**Date** Mon 3/16/2026 12:50 PM

**To** Spencer Hill <spencer@spencerhilllaw.com>

**Cc** Ghormoz, Claire Blewitt <cghormoz@dilworthlaw.com>; Persico, Margaret Spitzer <mpersico@dilworthlaw.com>

📎 1 attachment (60 KB)

Ridgeway_SDP_Notice of Deposition to Plaintiff_2026.03.16(125508117.1).pdf;

Counsel,

I am writing regarding the scheduling of Plaintiff's deposition. As you previously indicated that Plaintiff did not wish to take a day off from work to appear for deposition, we attempted to accommodate that request by offering Saturday, March 21, 2026 because I was originally supposed to be on a pre-scheduled vacation during the School District's spring recess period. To be clear, this deposition was never formally noticed.

However, we subsequently learned that School District counsel would like to be present for the deposition and would be unable to attend a Saturday deposition. As a result, we immediately contacted you on March 5, 2026 to request additional dates for the deposition so that all necessary counsel could attend. Since that time, we have sent you multiple emails and placed several phone calls attempting to confer with you regarding alternate dates for Plaintiff and scheduling for the five witnesses you seek to depose. We received no response until today, when you indicated that your client is only able to be deposed on Saturday, March 21, 2026.

Given the circumstances, and in the interest of moving discovery forward while ensuring that all appropriate counsel can attend, we are available to conduct Plaintiff's deposition on the following dates:

- March 30-April 3, 2026
- April 6-12, 2026
- April 13-17, 2026

Attached is a formal notice for April 6th, that we will modify once we confirm whether Plaintiff is available on any of these dates. Otherwise, please confirm asap if it remains your position that Plaintiff will only appear for a deposition on this Saturday. With respect to the depositions of Oz Hill, Jeremy Grant-Skinner, Michelle Chapman, Richard Gordon, and Omar Crowder, please let us know your

availability April 7th through April 12th and whether you are amenable to two depositions in a day.

We look forward to your prompt response so that we may finalize a mutually agreeable date or seek intervention from the Court. Due to the timing, it will be helpful to have a response today or asap.

Thank you, Margie

MARJORIE OBOD | DILWORTH PAXSON LLP
CO-CHAIR, LABOR AND EMPLOYMENT PRACTICE
1650 Market Street | Suite 1200 | Philadelphia, PA 19103
Tel: 215-575-7015 | Cell: (215) 205-5590
mobod@dilworthlaw.com | www.dilworthlaw.com

## CERTIFICATE OF SERVICE

Spencer A. Hill, Jr., hereby certifies that on the date set forth below he caused a true and correct of the foregoing *Plaintiff Keziah Ridgeway Response to Defendants' letter Requesting Discovery Conference* served via ECF upon the following:

**Marjorie L. Obod**
**Margaret Persico**
**Dilworth Paxson LLP**
**1650 Market Street #1200**
**Philadelphia, PA 19103**
**Tel: 215-575-7000**

March 18, 2026