**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KEZIAH RIDGEWAY, | **:** | |
| | **:** | |
| | **:** | |
| Plaintiff, | **:** | |
| | **:** | |
| v. | **:** | No. 2:25-cv-02440-WB |
| | **:** | |
| THE SCHOOL DISTRICT OF | **:** | |
| PHILADELPHIA, et al | **:** | |
| | **:** | |
| Defendants. | **:** | |
| | **:** | |

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANTS THE SCHOOL DISTRICT OF PHILADELPHIA,**
**TONY B. WATLINGTON, LYNN RAUCH, RICHARD GORDON,**
**JEREMY GRANT-SKINNER, SABRIYA JUBILEE,**
**MICHELLE CHAPMAN, AND OMAR CROWDER'S**
<u>**MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

Dated:  May 4, 2026                    <u>*/s/ Marjorie Obod*</u>
                                       Marjorie McMahon Obod
                                       DILWORTH PAXSON LLP
                                       1650 Market Street, Suite 1200
                                       Philadelphia, Pennsylvania 19103
                                       (215) 575-7000

                                       *Attorneys for Defendants, School District of*
                                       *Philadelphia, Tony B. Watlington, Lynn Rauch,*
                                       *Richard Gordon, Jeremy Grant-Skinner, Sabriya*
                                       *Jubilee, Michelle Chapman, and Omar Crowder*

#125612640v3

## I.    INTRODUCTION

Defendants Tony B. Watlington, Lynn Rauch, Richard Gordon, Jeremy Grant-Skinner, Sabriya Jubilee, Michelle Chapman, and Omar Crowder (collectively the "Individual Defendants"), together with the School District of Philadelphia (the "School District) (collectively, the "Defendants") submit this Reply Brief to address four newly raised issues in Plaintiff's Response in Opposition ("Opposition") to Defendants' Motion for Judgment on the Pleadings ("Motion").  Plaintiff's Opposition confirms that the Court should grant Defendants' Motion.

## II.    ARGUMENT

*First*, and at the outset, we note that Plaintiff does not contest Defendants' request to dismiss her Intentional Infliction of Emotional Distress ("IIED") claims and Pennsylvania Whistleblower Law claims against Defendants Watlington, Gordon, and Rauch based on the high public official immunity barring same.  In fact, Plaintiff's response does not even address her IIED and Whistleblower claims against these Defendants.  "Where an issue of fact or law is raised in an opening brief[,] but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue." *Skold v. Galderma Lab'ys, L.P.*, 99 F. Supp. 3d 585, 598 (E.D. Pa. 2015) (citation omitted). *See also Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming finding that plaintiff waived argument where he had opportunity to address it in his opposition brief but failed to do so).  Therefore, Plaintiff's IIED and Whistleblower claims against Defendants Watlington, Gordon, and Rauch should be dismissed with prejudice based on the high public official immunity.

*Second*, while Plaintiff seeks to delay resolution of the immunity issues until after discovery, our Supreme Court "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (*per curiam*)).  Plaintiff cannot avoid

#125612640v3

dismissal by invoking the prospect of future discovery where the Amended Complaint itself fails to state a plausible claim for relief. Plaintiff's request for discovery underscores rather than remedies the deficiencies in the pleading. Indeed, Plaintiff's Opposition fails to identify any well-pleaded factual allegations that would overcome Defendants' entitlement to immunity as high public officials. Therefore, Defendants respectfully request this Court resolve the questions of immunity before it.

*Third*, the primary unpublished state case Plaintiff relies upon against high public official immunity, *Kipp v. Bellefonte Area Sch. Dist.*, No. 263 C.D. 2023, 2025 WL 2837404 (Pa. Cmmw. Oct. 7, 2025)[1], actually undermines her arguments and reinforces Defendants' arguments. In citing *Kipp*, Plaintiff narrowly focuses on the policymaking factor for application of high public official immunity, *see* Opposition at 4–6,[2] while ignoring the court's explicit recognition that the scope of this immunity is "broad" and that "[a]lthough policymaking is a significant consideration, it is *not* dispositive, as this immunity 'has in many instances been extended to a wide range of public officials whose policy-making roles were *not* salient.'" *Kipp*, 2025 WL 2837404, at \*15 (emphasis added) (citing *Durham v. McElynn*, 772 A.2d 68, 70 (Pa. 2001)). Critically, *Kipp* went on to clarify that "it is the public interest in seeing that the official not be impeded in the performance of important duties that is pivotal." *Kipp*, 2025 WL 2837404, at \*15.

*Kipp*'s facts, analysis, and eventual application of high public official immunity to a school district's Human Resources director reinforce that this immunity should be applied to the three presently contested Individual Defendants—Grant-Skinner, Jubilee, and Chapman. Indeed, as the Complaint pleads, Grant-Skinner reported to Watlington, Am. Compl. at ¶ 7, and served as Deputy

---

[1] Although Plaintiff does not cite *Kipp* in support of her IIED claim, Defendants note that, there, the court affirmed the dismissal of plaintiff's intentional infliction of emotional distress claim because the conduct alleged did not rise to the level of extreme and outrageous. *Kipp*, 2025 WL 2837404, at \*19.

[2] Page number references are those added by the Court's electronic filing system.

*Superintendent* of Talent, Strategy, and Culture. *See* https://www.philasd.org/blog/2023/05/22/superintendent-watlington-announces-appointment-of-new-deputy-superintendent-and-chief-of-curriculum-and-instruction/ (last visited May 4, 2026)[3]; *Cole v. Cent. Greene Sch. Dist.*, No. 2:19-cv-00375, 2019 WL 7283130, at \*14 n.8 (W.D. Pa. Dec. 27, 2019) (applying the high public official immunity to a school district's assistant superintendent). As highlighted in Defendants' Motion at 13, in his role, Grant-Skinner was tasked with:

> [O]verse[ing] the Office of Talent, Office of Professional Learning, Office of Equity, Office of Information Technology, and Office of Strategic Planning. In this capacity, he will be charged with overhauling the recruiting strategy, reducing onboarding time for new hires, implementing a plan to train and develop staff across all job roles, develop an evaluation system for all central office departments, and assist the superintendent in transforming the district into a more collaborative, trusted, and results-oriented culture that recognizes and better supports school leadership teams as the unit of change. Mr. Grant-Skinner will also lead the strategic plan to ensure it is implemented and executed with fidelity. The Deputy Superintendent of Talent, Strategy, and Culture replaces the previous Deputy Superintendent of Operations role.

*See* https://www.philasd.org/blog/2023/05/22/superintendent-watlington-announces-appointment-of-new-deputy-superintendent-and-chief-of-curriculum-and-instruction/ (last visited May 1, 2026). In short, the role requires Grant-Skinner to work closely with the Superintendent

---

[3]    Defendants already included citation to this public record within their Motion at 13. The Court may consider matters of public record on a motion for judgment on the pleadings without converting the Rule 12 motion into a motion for summary judgment. *See Beverly Enters., Inc. v. Trump*, 182 F.3d 183, 190 n.3 (3d Cir. 1999) (court may consider "matters of public record" on a F.R. Civ. P. Rule 12 motion without converting the motion to one for summary judgment); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (acknowledging that, in evaluating the facial plausibility of a complaint, "courts can generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."). "Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss [and for judgment on the pleadings], to include . . . published reports of administrative bodies." *Pension Benefit*, 998 F.2d at 1197 (collecting cases). Here, the School District's description of Grant-Skinner's role is publicly available online. Because Plaintiff's Amended Complaint describes her interactions with Grant-Skinner in his capacity as the School District's employee, the Court may consider the School District's publicly available website in resolving the present Motion for Judgment on the Pleadings. Am. Compl. at ¶¶ 7, 21–23, 67, 72, 80, 108, 110–111, 149–50, 153.

to set and oversee districtwide policies on hiring, training, and performance evaluation for staff. *Id.* Given the strong public interest in ensuring that these core functions are carried out without interference, Grant-Skinner, as Deputy Superintendent of Talent, Strategy, and Culture, qualifies as a high public official.

Just as *Kipp* took judicial notice of that school district's publicly available harassment policy, *id.* at *15, this Court may take judicial notice of the public records referenced in Defendants' Motion at 11–14 n.5–7. Based on publicly available school policy, *Kipp* found it significant that the Human Resources director investigated harassment complaints and determined, in the first level of review, whether harassment occurred, and then submitted reports of the findings to the superintendent. *Id.* at *16-17. The court likened that authority to assistant district attorneys who are eligible for high public official immunity. *Id.* at *17. The court ruled that the high public official immunity applied to the Human Resources director because of the position's discretion and authority even in the absence of policy-making authority. *Id.*

Likewise, here, Grant-Skinner, Jubilee, and Chapman are all entitled to the high public official immunity. Plaintiff alleges that Jubilee reported to Superintendent Watlington and Deputy Superintendent of Operations Hill. Am. Compl. at ¶ 8. For the reasons set forth above and in Defendants' Motion, and because each of these Individual Defendants maintained a position with similar discretion and authority as the Human Resources director considered in *Kipp*, the high public official immunity bars Plaintiff's claims against them. *See* Motion at 12–15.

Moreover, the Opposition makes conclusory assertions, without a single citation to her Amended Complaint, that Grant-Skinner, Jubilee, and Chapman were somehow acting outside the scope of their official duties. But specific allegations in the Amended Complaint—which Defendants detail, with specific pinpoint citations in their Motion—reveal the contrary. Motion

at 12–16; *and see City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (noting a plaintiff's legal conclusions and conclusory statements must be disregarded when ruling on Rule 12 motions).  Specifically, as to Jubilee's alleged censorship of Plaintiff's school lecture PowerPoint presentation, this Court has already recognized that this action "can be viewed as simply an exercise of [the District's] control over what the employer itself has commissioned or created." *Ridgeway v. Sch. Dist. of Philadelphia*, No. 25CV2440, 2026 WL 94617, at *10 (E.D. Pa. Jan. 13, 2026) (internal quotation marks and citation omitted).  For these reasons, *Kipp*, the primary case Plaintiff relies on, both undercuts Plaintiff's position and bolsters Defendants' arguments.

*Fourth*, and finally, Plaintiff's Opposition fails to meaningfully rebut Defendants' arguments in support of dismissing the IIED claim since Plaintiff: (a) provides no case law distinguishing the compelling cases identified in Defendants' Motion at 16–21; and (b) continues to make overgeneralized arguments while disregarding the Amended Complaint's contrary allegations of these Individual Defendants' positions and actions.  Even accepting Plaintiff's allegations as true, she alleges, at most, that Jubilee and Rauch[4] edited a PowerPoint presentation. Am. Compl. at ¶¶ 62–63.  This Court has already recognized that act as falling squarely within Jubilee's official duties for the purpose of cancelling or censoring District-directed programming and the underlying analysis is equally applicable to Rauch's alleged edits to the presentation. *Ridgeway*, 2026 WL 94617, at *10.

Plaintiff alleges that Crowder placed her on administrative leave pending an investigation. Am. Compl. at ¶ 21.  Plaintiff alleges Grant-Skinner, and to a limited extent, Watlington and

---

[4]      Defendants maintain that high public official immunity bars Plaintiff's IIED and Whistleblower claims against Watlington, Rauch, and Gordon, and that Plaintiff waived the ability to rebut same.  Should the Court disagree on either point, however, Plaintiff's IIED claim should, nonetheless, be dismissed for the alternative reasons articulated in Defendants' Motion and herein.

5

Gordon as well, investigated Plaintiff's conduct and social media post that referenced a gun, and that they were involved in the School District's ultimate decisions to place Plaintiff on administrative leave, remove Plaintiff from her classroom, and assign her to remote work.  *Id.* at ¶¶ 21, 67, 153.   Finally, Plaintiff alleges Chapman denied her use of private counsel in a disciplinary process while permitting a separate teacher under investigation to have counsel.  *Id.* at ¶¶ 113, 115.

These actions by Defendants, even if accepted as true but deemed imperfect, cannot as a matter of law constitute extreme and outrageous conduct to support an IIED claim, as detailed by the cases cited in Defendants' Motion.  *See* Motion at 16–21; *Smith v. Sch. Dist. of Philadelphia*, 112 F. Supp. 2d 417, 428 (E.D. Pa. 2000).   In other words, Plaintiff's subjective reactions to Defendants' conduct are irrelevant to whether that conduct qualifies as extreme or outrageous for purposes of pleading an IIED claim, particularly where the actions were taken by senior School District leadership in the course of performing their official duties.  *Id.* (liability for IIED "has been found only where . . . the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, outrageous.") (internal citations omitted)); *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998) ("recovery for the tort of intentional infliction of emotional distress [has been] reserved by the courts for only the most clearly desperate and ultra-extreme conduct.").   Thus, Plaintiff's IIED claim must be dismissed against all Individual Defendants.

III.    **CONCLUSION**

For the foregoing reasons and those set forth in Defendants' Motion, Defendants respectfully request that this  Court grant the Motion and dismiss:  (1) Plaintiff's remaining claims against Watlington, Rauch, and Gordon, as they should be deemed waived; (2) alternatively, Plaintiff's IIED and Whistleblower claims against Watlington, Gordon, Rauch, Grant-Skinner,

Chapman, and Jubilee based on the high public official immunity; and (3) Plaintiff's IIED claim against Watlington, Gordon, Rauch, Grant-Skinner, Chapman, Jubilee, and Crowder because Plaintiff fails to allege any conduct by the Individual Defendants that was extreme or outrageous. These claims should be dismissed with prejudice as any amendment would be futile and unduly prejudicial to Defendants. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988) (amendment is futile "if the amendment will not cure the deficiency in the initial complaint or if the amended complaint cannot withstand a renewed motion to dismiss.").

Date:  May 4, 2026

*/s/ Marjorie McMahon Obod*
Marjorie McMahon Obod
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, Pennsylvania 19103
(215) 575-7000

*Attorney for Defendants, School District of Philadelphia, Tony B. Watlington, Lynn Rauch, Richard Gordon, Jeremy Grant Skinner, Sabriya Jubilee, Michelle Chapman, and Omar Crowder*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Marjorie McMahon Obod, hereby certify that on the date set forth below, I caused the

foregoing Reply Brief to be filed electronically and made available for viewing and downloading

from the Court's ECF system.  A copy of the foregoing Motion is, thus, served on all parties via

the Court's ECF system.


Date:  May 4, 2026                           */s/ Marjorie McMahon Obod*
                                             Marjorie McMahon Obod
                                             DILWORTH PAXSON LLP
                                             1650 Market Street, Suite 1200
                                             Philadelphia, Pennsylvania 19103
                                             (215) 575-7000

                                             *Attorney for Defendants, School District of*
                                             *Philadelphia, Tony B. Watlington, Lynn Rauch,*
                                             *Richard Gordon, Jeremy Grant-Skinner, Sabriya*
                                             *Jubilee, and Michelle Chapman*